Judge Robertson
delivered the opinion of the Court.
This was a motion by the appellees, as securities for the appellants, as administratrix and administrator, to be relieved.
On their petition, a summons issued, and was served on the appellants. They appeared in court, and not having offered to give “counter security” or shewn *54 -any cause for not doing it, the court directed that they should give such security, at the next term of the court, on pain of being displaced.
Denny, for appellants; Hopkins, for appellee.
From this order, they appealed to this court, and assign for error, that the summons was not executed on the administratrix, ten days before court, that the court ought to have continued the motion on her ap-« plication,because she proved that she was sick, and also, that the order of the court was unauthorized.
There is no solidity in any of these objections.
1st. The law does not require, that a summons, in .such a case, shall be served ten days before court; and if it did, the service on the administrator, was enough.
2d. The court ought not to have granted a continuance, otherwise than it did. It gave the parties until the succeeding term, to give security. What; more could they ask? This was time enough. And if, at the next term, they could have shewn good cause for further indulgence, it might have been allowed. By appealing, they have surely had time to obtain security.
3d. The order was interlocutory, and admonitory merely. It settled nothing finally, more than the summons did. It did not suspend the powers of the administratrix and administrator. It did not affect their rights. Ai) appeal from it, was therefore improvidently granted. A reversal of the order, could produce no practical result, except that of delay. It would not affect the merits of the motion.
Appeal dismissed.